UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 05-21145 – Civ (Huck/Simonton)

FLORENCE LANDRIN, individually,
As natural parents and next friend
of DEMETIA LANDRIN, a minor,

      Plaintiffs,

vs.

MGA ENTERTAINMENT, INC, a
Foreign corporation and
DOLGENCORP, INC., a
Foreign Corporation, d/b/a DOLLAR
GENERAL CORPORATION,

      Defendants.
_____/

## MOTION TO APPROVE SETTLEMENT AND DISTRIBUTIONS

Plaintiffs, Florence Landrin, individually, and as mother and natural guardian and next best friend of Demetia Landrin, a minor, through undersigned counsel move this Honorable Court for the Entry of an Order Approving the Settlement and Distribution of Proceeds, and in support thereof would respectfully submit as follows:

1. This is a products liability action arising out of an incident which occurred on March 18, 2004 at the home of Florence Landrin and her daughter, Demetia Landrin. At that time and place, Demetia was injured when she stumbled while descending her bunk bed ladder and fell upon a Mrs. Fields Baking Factory designed, marketed and sold by the Defendants in this case. As a result of the accident, Demetia suffered an injury to her eye which ultimately



<u>LANDRIN v. MGA ENTERTAINMENT etc.et al,</u>   Case No.: 05-21145 – Civ (Huck/Simonton)

resulted in its removal and the insertion of a prosthetic. As this Court is well aware, Defendants denied liability and vigorously defended this matter which was settled, contingent upon Court approval, just days before the scheduled commencement of trial.

2. This Court has previously appointed Ronald Kopplow as Guardian Ad Litem for the minor Plaintiff, Demetia Landrin.

3. Mr. Kopplow graciously devoted a great deal of his time on a pro-bono basis to this matter, having performed an extensive review of the file and attended a lengthy meeting with both Florence and Demetia Landrin. Mr. Kopplow was also very involved in the settlement discussions and relevant communications with Mrs. Landrin, as well as Demetia. Settlement was accepted only after discussions with, and approval of Mr. Kopplow. Mr. Kopplow is at this time preparing a Report which will be submitted to this Court.

4. Pursuant to the terms of the settlement, Defendants are to pay $250,000.00. As reflected on the Closing Statement, attached hereto as **EXHIBIT "A."** $100,000.00 of the net settlement proceeds shall be paid to the Demetia Landrin Special Needs Trust ("TRUST"). The Trust is created pursuant to the Omnibus Budget Reconciliation Act of 1993 (OBRA '93) and codified at 42 U.S.C. §1396(p)(d)(4)(a), and is to provide for the supplemental needs of a minor Plaintiff, while not disqualifying her for any public benefits that the minor Plaintiff is currently receiving or maybe qualified to receive. The Trust shall not allow the minor Plaintiff to individually access or encumber any of the assets within the trust in any manner whatsoever prior to attaining eighteen (18) years of age, even if the minor Plaintiff shall no longer be considered a disabled individual pursuant to 42 U.S.C. . §1382c(a)(3), which is a requirement under the Trust. The creation of a Guardianship of the Property for the Minor Plaintiff is not

<u>LANDRIN v. MGA ENTERTAINMENT etc.et al,</u>     Case No.: 05-21145 – Civ (Huck/Simonton)

required due to the fact that 100% of the proceeds due to the Minor Plaintiff shall be transferred to the Trust.

5. Before the above referenced settlement can be consummated, it must be approved by this Court as being in the best interests of the minor child. See Florida Statutes §744.301(4)(a).

WHEREFORE, in light of the foregoing facts and circumstances, the Plaintiffs, FLORENCE LANDRIN, individually and as mother and natural Guardian and next best friend of DEMETIA LANDRIN, a minor, respectfully request that this Court enter an Order Approving the Settlement and Distributions as outlined above and set forth on the attached Closing Statement.

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was mailed and faxed to **BARRY DAVIS, ESQ. and AAISHAH S. HASHMI, ESQ.**, Thornton, Davis & Fein, P.A., *Attorneys for MGA,* Brickell BayView Centre, Suite 2900, 80 S.W. 8th Street, Miami, FL 33130, and to **RONALD KOPPLOW, ESQ.**, Guardian Ad Litem at 1950 SW 27th Avenue, Miami, Florida 33145, and to **STEPHEN A. TAYLOR, ESQ.**, *(Attorney for Special Needs Trust)* 44 West Flagler Street, Suite 675, Miami, FL 33130 on this 24 of January, 2006.

LAW OFFICES OF JOHN S. GAEBE
Attorneys for Plaintiffs
3211 Ponce De Leon Blvd., #201
Coral Gables, FL 33134
(305) 443-1922 (Dade)/(954) 442-2666 (Brwd.)
(305) 443-1917 (Fax)

BY: _____
       JOHN S. GAEBE
       FBN 304824
       E-Mail: jgaebe@floridalaw-firm.com

LAW OFFICES OF
# JOHN S. GAEBE, P.A.

January 20, 2006

Ms. Florence Landrin
2754 NW 193rd Terrace
Miami, FL  33156

Re:   FLORENCE LANDRIN, individually, as mother & natural
      guardian and next friend of DEMETIA LANDRIN, a minor,
      vs. MGA Entertainment and DOLGENCORP., etc.
      Case No.   No.: 05-21145 – Civ (Huck/Simonton)

## CLOSING STATEMENT

| | |
|---|---:|
| **TOTAL RECOVERY:** | **$250,000.00** |
| (From Defendants, MGA Entertainment & Dolgencorp) | |
| *Less*: | |
| ATTORNEY'S FEES:  40 % per contract | 100,000.00 |
| *Breakdown:*   Law Offices of John Gaebe, P.A. (75%) $75,000.00 | |
| Gregg Samms, Esq.           (25%) $25,000.00 | |
| COSTS ADVANCED BY LAW OFFICES OF JOHN GAEBE, P.A. | 38,857.70 |
| EXPENSE TO ESTABLISH SPECIALS NEEDS TRUST | $3,500.00 |
| EXPENSE TO ADMINISTER TRUST FOR ONE YEAR | $1,000.00 |
| [*Stephen A. Taylor, Esq.*] | |
| **Less liens to be paid:** | |
| Medicaid   $3,200.41 | $3,200.41 |
| UMDC       $2,777.88 (*reduced to*) | 1,666.72 |
| NET SETTLEMENT PROCEEDS | $101,775.17 |
| DISTRIBUTIONS: | |
| **Special Needs Trust for DEMETIA LANDRIN** | $100,000.00 |
| **FLORENCE LANDRIN, individually** | 1,775.17 |

3211 Ponce De Leon Blvd., Suite 201, Coral Gables, Florida 33[...]
Dade: 305-443-1922 • Broward: 954-442-2666 • Fax: 305-443-19[...]

PLAINTIFF'S
EXHIBIT
"A"

Florence Landrin as Mother and Legal Guardian
for Demetia Landrin, a minor
CLOSING STATEMENT
January 20, 2006
Page 2

THE DISBURSEMENT of this recovery, in accordance with the above Closing Statement, is hereby approved and $250,000.00 is acknowledged to be my payment in full from Defendant, MGA Entertainment and DOLGENCORP.

From your settlement proceeds, the sum of $5,000.00 will remain in trust for an additional period of sixty (60) days for the payment of any unpaid costs, such as long distance telephone calls, etc., which have not yet been billed by our bookkeeping department. At the end of the sixty (60) day period, any unused portion of the $5,000.00 will be forwarded to you.

IT IS ACKNOWLEDGED AND UNDERSTOOD that there may be balances due to medical providers in connection with this claim. I, therefore assume full responsibility for the payment of those unpaid balances that may be due any doctor and/or health care provider and fully relieve the law offices of John Gaebe, P.A. and the law firm of Gaebe & McCullough, P.A. from any responsibility relative the claim against the defendants in this lawsuit.

_____   DATED:_____
**FLORENCE LANDRIN**, as Mother
And Legal Guardian for
DEMETIA LANDRIN, a minor

*APPROVED BY:*

LAW OFFICES OF JOHN S. GAEBE, P.A.      LAW OFFICES OF GREGG SAMMS

BY:_____      BY:_____
       JOHN S. GAEBE, ESQ.                        GREGG SAMMS, ESQ.
                                                  *(Referring Attorney)*

DATED:_____      DATED:_____